IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Vicki L. Moldenhauer, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:12-cv-00086 |
| | ) |
| Acting Social Security Administration | ) |
| Commissioner, Carolyn W. Colvin, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Vicki L. Moldenhauer (hereafter "Moldenhauer", "plaintiff", or "claimant") initiated this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security (hereafter "Commissioner" or "defendant") denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, and denying her application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383c. Both parties have moved for summary judgment. (Doc. #12, Doc. #16).

**Summary of Recommendation**

The magistrate judge finds the Administrative Law Judge (hereafter "ALJ") adequately explained and supported his determination that Moldenhauer was not disabled with substantial evidence from the record as a whole. It is **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED**.

**Background**

Moldenhauer protectively filed her application for disability insurance benefits on September 28, 2009 under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. Moldenhauer alleged a disability onset date of May 31, 2007. (Tr. 142 ). Moldenhauer's application was denied on initial review and again on reconsideration. (Tr. 80-83). She requested a hearing on April 20, 2010. (Tr. 95-96 ). A hearing was held before ALJ Theodore P. Kennedy. (Tr. 34-79 ). Moldenhauer appeared with her attorney, Gary Ficek, and testified at the hearing. (Tr. 34-79 ). Lorn Hagenson, a vocational expert, also testified at the hearing. (Tr. 74-78). The ALJ issued a decision on April 7, 2011, finding that Moldenhauer was not disabled. (Tr. 6-18). Moldenhauer requested a review of the ALJ's decision on August 4, 2011. (Tr. 6-10). The Appeals Council denied Moldenhauer's request for review of the ALJ's decision (Tr. 1-5 ), making the ALJ's decision the final decision of the Commissioner.

Moldenhauer was 60 at the time of the hearing. (Tr. 36). She is a high school graduate. (Tr. 36). Prior to her alleged disability date, Moldenhauer worked as an office worker, house cleaner, motel maid, food preparer, and a sales clerk. (Tr. 257). Moldenhauer alleges she is disabled because she suffers from osteoarthritis, fibromyalgia, degenerative disc disease, bipolar disorder, and obesity. (Tr. 36-38); Plaintiff's Br., Doc. #11.

**Legal Standard**

Upon review of the pleadings and transcript of the record, the court can affirm, modify, or reverse the decision of the Commissioner, with or without remanding the cause for a rehearing. 42 U.S.C. § 405(g). To affirm the Commissioner's decision, the court must find substantial evidence appearing in the record as a whole supports the decision. See id.; Cruse v. Bowen, 867

F.2d 1183, 1184 (8th Cir. 1989). "Substantial evidence is such relevant evidence as a reasonable mind might find adequate to support a conclusion." Baumgarten v. Chater, 75 F.3d 366, 368 (8th Cir. 1996) (internal quotation omitted)."This standard requires a more searching review than the substantial evidence standard, and [the court will] take into account record evidence that fairly detracts from the ALJ's decision." Tilley v. Astrue, 580 F.3d 675, 679 (8th Cir. 2009) (citing Minor v. Astrue, 574 F.3d 625, 627 (8th Cir. 2009)).

The court must "take into consideration the weight of the evidence in the record and apply a balancing test to evidence which is contradictory." Minor, 574 F.3d at 627 (citing Wilson v. Sullivan, 886 F.2d 172, 175 (8th Cir. 1989)) (quoting Jackson v. Bowen, 873 F.2d 1111, 1113 (8th Cir. 1998)). See also, Burress v. Apfel, 141 F.3d 875, 878 (8th Cir. 1998) ("As this court has repeatedly stated, the 'substantial evidence in the record as a whole' standard is not synonymous with the less rigorous 'substantial evidence' standard."); Gavin v. Heckler, 811 F.2d 1195, 1199 (8th Cir. 1987) ("It is not sufficient for the district court to simply say there exists substantial evidence supporting the [Commissioner] and therefore the [Commissioner] must be sustained."). "If in reviewing the Social Security Commissioner's denial of an application for disability benefits it is possible to reach two inconsistent positions from the evidence, and one of those positions represents the Commissioner's decision, the court must affirm the decision." Lorence v. Astrue, 691 F.Supp.2d 1008 (D. Minn. 2010). The "court will not disturb [the] denial of social security disability benefits so long as ALJ's decision falls within [an] available zone of choice." Casey v. Astrue, 503 F.3d 687, 691 (8th Cir. 2007).

## Discussion

The ALJ applied the familiar five-step test to determine whether Moldenhauer was

disabled.[1] The ALJ determined Moldenhauer had not engaged in any substantial gainful activity since June 5, 2007, the alleged disability onset date. (Tr. 17). He found Moldenhauer had the following severe impairments: degenerative disc disease of the spine, affective disorder, and obesity. (Tr. 17). The ALJ also determined Moldenhauer had the following non-severe impairments: hypertension and diabetes mellitus. (Tr. 18). The ALJ concluded Moldenhauer has the residual functional capacity to perform light work, and therefore determined Moldenhauer was able to perform her past relevant work as a motel maid.[2] (Tr. 20, 27). He further noted plaintiff's past relevant work did not "require the performance of work-related activities precluded by the claimant's residual functional capacity." (Tr. 27). Moldenhauer alleges the ALJ erred by: (1) failing to give proper weight to the opinions of occupational therapists Nelson and Heitkamp; and (2) failing to support his disability determination with substantial evidence in the record as a whole. Plaintiff's Brief, at 39, Doc. #17.

**I. The ALJ gave sufficient weight to the opinions of Moldenhauer's non-medical sources**

First, Moldenhauer contends ALJ Kennedy committed reversible error because he failed to give the opinions of occupational therapists Nelson and Heitkamp appropriate weight. (Tr.

---

[1] The five steps are: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) whether the claimant can return to his past relevant work; and (5) whether the claimant can adjust to other work in the national economy. 20 C.F.R. § 404.1520(a)(5)(i)-(v).

[2] Light work requires the claimant have the capacity to "lift and/or carry 10 pounds frequently and 20 pounds occasionally. . . . sit and stand or walk about 6 hours each in an 8-hour day with normal breaks and with the opportunity to alternate positions after 30 minutes. . . . to occasionally climb, balance, stoop, kneel, crouch, and crawl. . . . occasionally finger with the right upper extremity. . . ." (Tr. 20); 20 C.F.R. 404.1567(b).

14). Specifically, Moldenhauer claims Nelson and Heitkamp's opinions regarding Moldenhauer's physical limitations and her inability to perform more than sedentary work for up to four hours a day required the ALJ determine Moldenhauer disabled. Plaintiff's Brief, at 17, Doc. #13 . The Commissioner argues the ALJ's decision to afford Nelson and Heitkamp's opinions little weight was proper given the inconsistency of the opinions with the medical evidence on record, the opinion of the state-agency examining physician Dr. Espejo, the opinions of non-examining physicians, the opinion of Moldenhauer's treating provider, nurse practitioner Mary Sprague, and Moldenhauer's testimony regarding her activities of daily living. Defendant's Brief, at 9, Doc. #17.

The opinions of occupational therapists Nelson and Heitkamp are considered "'other' sources who may present evidence of the severity of the claimant's impairments and the effect of the impairment on the claimant's ability to work." Lacroix v. Barnhart, 465 F.3d 881, 887 (8th Cir. 2006)(citing 20 C.F.R. §§ 404.15139d)(1), 416.913(d)(1)).  To determine the weight given to "other source" opinions an ALJ can consider the following factors:

> (1) how long the source has known and how frequently the source has seen the individual; (2) how consistent the opinion is with other evidence; (3) the degree to which the source presents relevant evidence to support an opinion; (4) how well the source explains the opinion; (5) whether the source has a specialty or area of expertise related to the individual's impairment; (6) any other factors that tend to support or refute the opinion.

SSRP 06-03P, 2006 WL 2329939, *4-5.

 "Not every factor will apply in every case." Id.  "In determining what weight to give 'other medical sources' the ALJ has more discretion and is permitted to consider any

5

inconsistencies found within the record." Raney v. Barnhart, 396 F.3d 1007, 1010 (8th Cir. 2005). Conversely, "it may be appropriate to give more weight to the opinion of a medical source who is not an 'acceptable medical source' if he or she has seen the individual more often than the treating source and has provided better supporting evidence and a better explanation for his or her opinion." SSR 06-03p, 2006 WL 2329939, *5.

Here, ALJ Kennedy specifically noted factors two, three, four, and six in deciding to give the Nelson and Heitkamp opinions little weight. ALJ Kennedy concluded the Functional Capacity Assessments given to Moldenhauer by Nelson and Heitkamp were "inconsistent with other evidence in the record, including the opinions of the consultative examiner and claimant's treating nurse practitioner, Mary Sprague;" the ALJ further concluded, "therapist [Heitkamp's and Nelson's] opinion[s] [are] not supported by medical signs and findings;" and finally noted, "[the opinions are] inconsistent with the claimant's medical records or her activities of daily living." (Tr. 23-24). After a careful review of the record, the court finds the ALJ's decision to give little weight to the opinions of therapists Nelson and Heitkamp was reasonable and did not result in harmful error. Although therapists Nelson and Heitkamp both determined Moldenhauer was incapable of more than four hours of sedentary work, neither the medical exams of the consultative examiner, the treatment notes and opinion of Moldenhauer's treating medical provider, nor the claimant's various other treatment/medical records indicate the same level of limitation. In addition, the claimant's testimony regarding her daily activities is inconsistent with the opinions of Nelson and Heitkamp.

The consultative examiner, Dr. Espejo, examined Moldenhauer on two different

6

occasions.[3] Dr. Espejo's first medical opinion noted, "I see just limited functional limitation." (Tr. 277). Dr. Espejo's opinion following the second exam concluded that Moldenhauer would have some limitations working above her shoulders for more than 30 minutes (due to impingement syndrome), but there was no "significant limitation" with regard to her upper extremities, and her ability to push and pull was "somewhat limited," but Moldenhauer's range of motion was "optimal." (Tr. 383). Dr. Espejo based his findings on his physical examinations of Moldenhauer and a review of lumbar spine x-rays. (Tr. 381-83).

Moldenhauer's primary treating medical provider, nurse practitioner Mary Sprague, submitted a letter to claimant's counsel in which she states, "Vicki's ability to ambulate and move effectively has never been shown to me to be affected by her health conditions. I have not noticed any impairment in that regard." (Tr. 489). Sprague further indicates that Moldenhauer's other health conditions are all "well controlled" or "well maintained" with medications. Id. Sprague based her opinion on her history of treating Moldenhauer and her review of Moldenhauer's medical records. Id.

Moldenhauer's own accounts of her daily activities indicate a level of functioning that would not preclude substantial gainful activity. In treatment notes Moldenhauer stated she was helping to care for her elderly father and mother, walked her dog three to five times a day every day for five to ten minutes, visited with her daughters and grandchildren several times a week, performed light household chores, and independently drove a vehicle to complete errands. (Tr. 501, 503, 511). On occasion claimant's treatment notes contain claims of no pain during medical

---

[3] The first exam occurred on March 31, 2008. The second exam occurred on June 16, 2009.

7

examinations. (Tr. 490-92, 501-11). Additionally, there are significant gaps in treatment history throughout the record, and in fact, the record as a whole contains very little evidence of consistent ongoing treatment for back and shoulder pain[4]. Evidence such as this is inconsistent with the opinions of therapists Nelson and Heitkamp.

The record as a whole is consistent with the medical opinions of Dr. Espejo and nurse practitioner Mary Sprague, and supports the ALJ's decision to assign little weight to the opinions of occupational therapists Nelson and Heitkamp. This is not a case where Nelson and Heitkamp have treated Moldenhauer more frequently than her primary treating provider or provided a better explanation and better support for their findings than the medical opinions assigned greater weight by the ALJ. The court finds that substantial evidence on the record as a whole supports the ALJ's decision, and therefore the ALJ properly evaluated Nelson and Heitkamp's opinions.

**II. Substantial evidence on the record as a whole supports the ALJ's disability determination**

Second, Moldenhauer claims the ALJ's disability determination is not supported by substantial evidence on the record as whole. Plaintiff's Br., Doc. #13, at 18-19. As mentioned above, the ALJ considered the medical opinions of the consultative examining physician, the claimant's primary treating medical provider, state agency non-examining physicians, and occupational therapists Nelson and Heitkamp. Additionally, the ALJ considered Moldenhauer's testimony and the claimant's medical records as a whole. The court has also reviewed the

---

[4] The record contains office treatment notes/medical records for time periods ranging from June 15, 2006 through January 30, 2008 (Tr. 263-70), August 19, 2008 through October 15, 2008 (Tr. 310-17) March 31, 2008 through November 13, 2008 (Tr. 328-36) and August 11, 2009 through September 17, 2009 (Tr. 406-409).

8

evidence as described above. The court's review of the record and hearing testimony indicates substantial evidence supports the ALJ's determination that while Moldenhauer's severe impairments impose some pain and limitations, her complaints of severe and disabling pain that preclude all substantial gainful activities are inconsistent with evidence on the record as a whole. Given Moldenhauer's inconsistent treatment records, her testimony regarding her daily activities, and the medical opinions of Dr. Espejo, nurse practitioner Mary Sprague, and consulting non-examining physicians, the court agrees with the Commissioner that ALJ Kennedy's disability determination is supported by substantial evidence on the record as a whole.

## Conclusion

After considering the errors alleged by Moldenhauer and the evidence on the record as a whole, it is **RECOMMENDED** that the plaintiff's Motion for Summary Judgment (Doc. #12) be **DENIED**. It is further **RECOMMENDED** the defendant's Motion for Summary Judgment (Doc. #16) be **GRANTED** and judgment be entered **AFFIRMING** the decision of the Commissioner.


## Notice of Right to Object

Pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy.


Dated this 4th day of February, 2014.

/s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge